# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**ALICIA ALBRECHT**                                    **PLAINTIFF**

**v.**                          **No. 3:26-cv-153-DPM**

**BRAD SNYDER, Sheriff, Green County,
Arkansas, in his individual and official
capacity; MICHAEL BARNES; ROGER
ANTHONY; RUSS LATIMER; DON
CRITTENDEN; and RHONDA THOMAS**          **DEFENDANT**

## ORDER

1.      Sheriff Snyder's motion to dismiss Albrecht's original complaint, *Doc. 14*, is denied without prejudice as moot. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). The Court will address his motion to dismiss much of her amended complaint in due course.

2.      Albrecht moved for a preliminary injunction requiring Sheriff Snyder (in his official capacity) to provide her a name-clearing hearing. In response, Snyder has offered to do so promptly. Albrecht, though, asks for a more robust hearing than the one offered, pointing in particular to a recent order in a state case, and some other relief.

As to the other relief requested, the motion is denied for lack of irreparable harm and unlikelihood of success on the merits. The Federal Rules of Civil Procedure adequately cover the record

preservation. And requiring Sheriff Snyder to speak about whatever the Court may order is a bridge too far.

The parties' dispute about the hearing is mostly moot and otherwise unripe. The precedent involves post-hearing disputes about adequacy. The hearing offered by Sheriff Snyder isn't a sham or otherwise so deficient that the Court should intervene now. *Hammer v. City of Osage Beach, Missouri*, 318 F.3d 832, 840–41 (8th Cir. 2003); *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006). If Albrecht remains dissatisfied with the hearing actually provided, then she can litigate any shortcomings after the fact.

"The term hearing, like jurisdiction is a verbal coat of too many colors." H. Friendly, "Some Kind of Hearing," 123 U. Pa. L. Rev. 1267, 1270 (1968) (quotations omitted). Context drives what process is due. Here, the public nature of this hearing is essential. And the opportunity to be heard, personally and through counsel, which Sheriff Snyder has also offered, is the core. The proposed hearing will provide Albrecht an opportunity to clear her name. *Hammer*, 318 F.3d at 840. Albrecht of course has notice of the alleged wrongdoing. Her court papers reflect that she has much to say in response. While the opportunity to present witnesses, and cross-examine adverse witnesses, may be appropriate in some situations, the Court is not persuaded it's required. In the state case relied upon, for example, administrative litigation before the city council was already in full swing, and it was reasonable for it to

–2–

continue with more court-like proceedings before that body. Not so here. This situation is more like *Hammer*, where there were neither third-party witnesses nor cross-examination. 318 F.3d at 841-42. And Albrecht will have her day in this Court as the case proceeds.

The Court offers two preliminary thoughts for the parties' consideration. First, while the Court hasn't found a definitive answer in the precedent, some public official (usually the decisionmaker) seems to be present for any name-clearing hearing. *E.g., Hammer*, 318 F.3d at 836. Sheriff Snyder, or his designated representative, being present at this hearing would appear to be important to this official proceeding. A presider would be helpful. The public, including the County, are the hearers. Second, linking the hearing notice, and eventually a recording of the hearing itself, to the original Facebook post would go a long way to making sure interested members of the public have both sides of this dispute. That's one of the governing law's goals.

In the circumstances, Albrecht's motion for a preliminary injunction, *Doc. 2*, is denied without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 July 2026

–3–